# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JOSHWA PEREZ,

    Plaintiff,

-vs-                                      CASE NO.:

EQUIFAX INFORMATION
SERVICES LLC and HEALTHCARE
REVENUE RECOVERY GROUP, LLC d/b/a
ARS ACCOUNT RESOLUTION SERVICES,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSHWA PEREZ (hereinafter "Plaintiff"), sues Defendants, EQUIFAX INFORMATION SERVICES LLC, ("Equifax") and HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES ("ARS") (hereinafter collectively "Defendants") in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## PRELIMINARY STATEMENT

1

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA, FDCPA and FCCPA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Longwood, Seminole County, in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

9. Equifax is a corporation incorporated under the State of Georgia, authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

10. Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the

purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12. ARS has their principal place of business located at 1643 North Harrison Parkway, Suite 100, Sunrise, Florida 33323.

13. ARS is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

14. ARS furnished Plaintiff's information to Equifax, which was inaccurate.

15. ARS is a debt collector as defined by the relevant statutes.

16. The alleged debt in question is a consumer debt as defined by the relevant statutes.

## FACTUAL ALLEGATIONS

17. Plaintiff is a natural person who is alleged to owe a debt to ARS.

18. However, Plaintiff does not owe any debt to ARS whatsoever.

19. On or about early October of 2022, Plaintiff reviewed his credit report and became aware of an ARS collection account being reported on his credit report pertaining to a medical bill. Plaintiff does not owe this debt.

20. Plaintiff disputed the ARS account with Equifax (Dispute Confirmation Number 227759620), but Equifax and ARS failed to fix the inaccurate account after receiving Plaintiff's dispute (sent directly to Equifax) and allegedly conducting an investigation into Plaintiff's dispute.

21. On October 6, 2022 Plaintiff mailed a detailed written dispute letter to Equifax concerning the inaccurate reporting. Plaintiff made Equifax aware that it was reporting ARS partial account number xxxxxx98, a debt allegedly originating with FL Emergency Physicians Kang Assoc., which does not belong to Plaintiff.

22. With the October 6, 2022 dispute letter, Plaintiff included and image of his driver's license to confirm his identity. Plaintiff also explained that he has health insurance and provided copies of his insurance cards. Plaintiff additionally notified Equifax that he filed a complaint with the Consumer Financial Protection Bureau with regard to the creditor and alleged debt.

23. Plaintiff mailed his detailed dispute letter to Equifax via USPS Certified Mail, tracking number 70220410000139627981.

24. Upon information and belief, Equifax sent ARS a copy of Plaintiff's dispute letter. ARS subsequently failed to conduct a reasonable investigation and simply verified the false information it was already reporting as true.

25. ARS did not attempt to contact Plaintiff during its investigation into his dispute.

26. Similarly, Equifax failed to conduct any independent investigation into Plaintiff's dispute and simply parroted back ARS's verification.

27. Similarly, Equifax did not attempt to contact Plaintiff during its investigation.

28. On October 22, 2022, Equifax responded (Confirmation Number 229558504) to Plaintiff's dispute, advising Plaintiff that the disputed ARS collection account would remain on his Equifax credit file.

29. Plaintiff was very upset that Equifax and ARS verified the account despite Plaintiff never owing a debt to ARS.

30. As of the filing of this Complaint, Equifax and ARS continue to report the negative information on Plaintiff's credit reports. As a result, Plaintiff's damages are on-going.

31. Plaintiff's Equifax credit report includes 80 pages with the ONLY derogatory information being the disputed ARS account.

32. Plaintiff is in the process of applying for several government jobs (including law enforcement jobs) and has to pass a credit check. Plaintiff is concerned that the false information furnished by ARS, and subsequently reported by Equifax, will shatter his dream of obtaining this job.

33. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix his credit;

   ii. Loss of time attempting to cure the errors;

   iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

   iv. Reduction in credit score;

   v. Apprehensiveness to apply for credit due to the fear of rejection;

## COUNT I
### Violations of the Fair Credit Reporting Act as to Equifax Information Services LLC

34. Plaintiff re-alleges and reincorporates paragraphs 1 through 33 above as if set forth fully herein.

35. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

36. As a result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage by reduced credit score, and mental and emotional pain stemming from the anguish, humiliation, and apprehensiveness in applying for employment that requires a credit background check, and the damages otherwise outlined in this Complaint.

37. Equifax's conduct, action and/or inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

38. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

39. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against EQUIFAX INFORMATION SERVICES LLC,

to Plaintiff; award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of the Fair Credit Reporting Act as to Equifax Information Services LLC

40. Plaintiff re-alleges and reincorporates paragraphs 1 - 33 above as if set forth fully herein.

41. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

42. Plaintiff gave Equifax everything it needed to understand that he was not responsible for this debt when he mailed Equifax his dispute letter. However, Equifax ignored this and continued to report the false information furnished by ARS.

43. Equifax's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined

by the Court pursuant to 15 USC § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

44. Equifax took no independent action to investigate the disputes Plaintiff sent. Equifax received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to ARS.

45. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, EQUIFAX IFORMATION SERVICES LLC, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
### Violation of the FCRA as to HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES

46. Plaintiff re-alleges and reincorporates paragraphs 1 through 33 above as if set forth fully herein.

47. ARS furnished inaccurate information to Experian, Equifax, and Trans Union and through those credit reporting agencies to all of Plaintiff's potential lenders and/or employers on multiple occasions.

48. ARS violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the ARS's account; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the ARS representations to the consumer reporting agencies. Plaintiff provided all the information necessary for ARS to have identified that the account did not belong to him.

49. ARS violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian and Trans Union. ARS has been aware of Plaintiff's disputes but continued to erroneously report.

50. ARS violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax that Chase knew was inaccurate.

51. ARS did not have any reasonable basis to believe that the Plaintiff was responsible for the past due medical bill. ARS knowingly chose to follow procedures

which did not review, confirm, or verify whether the collection account truly belonged to Plaintiff's.

52. As a result of this conduct, action, and inaction, by ARS, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information and the mental and emotional pain, anguish, humiliation and apprehensiveness in applying for employment that require a credit background check.

53. ARS' conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages against Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, jointly and severally; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT IV
### Violation of the FDCPA as to HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES

54. Plaintiff re-allege and reincorporate paragraphs 1 – 33 above as if set forth fully herein.

55. ARS violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not authorized by agreement or otherwise permitted by law by mailing Plaintiff collection letters.

56. ARS had all of the information it needed to determine that the debt did not belong to Plaintiff yet mailed Plaintiff collection letters anyway.

57. As a results of the conduct, action and inaction of ARS, Plaintiff suffered from embarrassment, worry, fear, frustration, anger, and the damages otherwise outlined in this Complaint.

58. Plaintiff is entitled to recover statutory, compensatory, actual, and punitive damages from ARS pursuant to the FDCPA.

59. Plaintiff is entitled to recover reasonable attorney's fees and costs from ARS in the amount to be determined by the Court pursuant to the FDCPA.

WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages against Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, jointly and severally; for

his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT V
### Violation of the FCCPA as to HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES

60. Plaintiff re-alleges and reincorporates paragraphs 1 – 33 above as set forth fully herein.

61. ARS violated Florida Statutes § 559.72 (9) by attempting to collect a debt it knew was not legitimate.

62. ARS had all of the information it needed to determine that the debt did not belong to Plaintiff yet mailed Plaintiff collection letters anyway.

63. As a results of the conduct, action and inaction of ARS, Plaintiff suffered from embarrassment, worry, fear, frustration, anger, and the damages otherwise outlined in this Complaint.

64. Plaintiff is entitled to recover statutory, compensatory, actual, and punitive damages from ARS pursuant to the FCCPA.

65. Plaintiff is entitled to recover reasonable attorney's fees and costs from ARS in the amount to be determined by the Court pursuant to the FCCPA.

WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages against Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, jointly and severally; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

DATED this 18th day of November 2022.

Respectfully submitted,

*/s/ Frank H. Kerney, III*
Frank H. Kerney, III, Esquire
Florida Bar No.: 88672
The Consumer Lawyers, PLLC
412 E. Madison St., Suite 916
Tampa, FL 33602
Telephone: 813-951-8278
Facsimile: 844-951-3933
frank@theconsumerlawyers.com
jason@theconsumerlawyers.com
*Counsel for Plaintiff*