# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

### CASE NO: 6:22-CV-02168-CEM-DCI

JOSHWA PEREZ,

        Plaintiff,

    v.

EQUIFAX INFORMATION
SERVICES LLC and HEALTHCARE
REVENUE RECOVERY GROUP
d/b/a ARS ACCOUNT RESOLUTION
SERVICES,

        Defendants.

---

## EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**COMPLAINT ¶1:**

This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA, FDCPA and FCCPA.

**ANSWER:**

This Paragraph does not contain any allegations against Equifax. To the extent a response is required, Equifax denies the allegations in Paragraph 1.

**COMPLAINT ¶2:**

Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

**ANSWER:**

This Paragraph does not contain any allegations against Equifax. To the extent a response is required, Equifax denies the allegations in Paragraph 2.

**COMPLAINT ¶3:**

Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

**ANSWER:**

Equifax denies reporting any inaccurate information or violating the FCRA whatsoever. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

**COMPLAINT ¶4:**

When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

**ANSWER:**

Equifax denies reporting any inaccurate information or violating the FCRA

whatsoever. Equifax lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph 4.

**COMPLAINT ¶5:**

The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**ANSWER:**

Equifax denies reporting any inaccurate information or violating the FCRA

whatsoever. Equifax lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph 5.

## JURISDICTION

**COMPLAINT ¶6:**

Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

**ANSWER:**

Equifax admits the allegations in Paragraph 6.

**COMPLAINT ¶7:**

The Plaintiff is a natural person and resident of Longwood, Seminole County, in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 7.

**COMPLAINT ¶8:**

Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

**ANSWER:**

Equifax denies the allegations in Paragraph 8.

**COMPLAINT ¶9:**

Equifax is a corporation incorporated under the State of Georgia, authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

**ANSWER:**

Equifax admits the allegations in Paragraph 9.

**COMPLAINT ¶10:**

Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

**ANSWER:**

Equifax admits the allegations in Paragraph 10.

**COMPLAINT ¶11:**

Equifax disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER:**

Equifax admits the allegations in Paragraph 11.

**COMPLAINT ¶12:**

ARS has their principal place of business located at 1643 North Harrison Parkway, Suite 100, Sunrise, Florida 33323.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

**COMPLAINT ¶13:**

ARS is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

**COMPLAINT ¶14:**

ARS furnished Plaintiff's information to Equifax, which was inaccurate.

**ANSWER:**

Equifax denies reporting any inaccurate information. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

**COMPLAINT ¶15:**

ARS is a debt collector as defined by the relevant statutes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

**COMPLAINT ¶16:**

The alleged debt in question is a consumer debt as defined by the relevant statutes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶17:**

Plaintiff is a natural person who is alleged to owe a debt to ARS.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

**COMPLAINT ¶18:**

However, Plaintiff does not owe any debt to ARS whatsoever.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

**COMPLAINT ¶19:**

On or about early October of 2022, Plaintiff reviewed his credit report and became aware of an ARS collection account being reported on his credit report pertaining to a medical bill. Plaintiff does not owe this debt.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 19.

**COMPLAINT ¶20:**

Plaintiff disputed the ARS account with Equifax (Dispute Confirmation Number 227759620), but Equifax and ARS failed to fix the inaccurate account after receiving Plaintiff's dispute (sent directly to Equifax) and allegedly conducting an investigation into Plaintiff's dispute.

**ANSWER:**

Equifax denies violating the FCRA whatsoever. Equifax lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 20.

**COMPLAINT ¶21:**

On October 6, 2022 Plaintiff mailed a detailed written dispute letter to Equifax concerning the inaccurate reporting. Plaintiff made Equifax aware that it was reporting ARS partial account number xxxxxx98, a debt allegedly originating with FL Emergency Physicians Kang Assoc., which does not belong to Plaintiff.

**ANSWER:**

Equifax denies violating the FCRA whatsoever. Equifax lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 21.

**COMPLAINT ¶22:**

With the October 6, 2022 dispute letter, Plaintiff included and image of his driver's license to confirm his identity. Plaintiff also explained that he has health insurance and provided copies of his insurance cards. Plaintiff additionally notified Equifax that he filed a complaint with the Consumer Financial Protection Bureau with regard to the creditor and alleged debt.

**ANSWER:**

Equifax denies violating the FCRA whatsoever. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22.

**COMPLAINT ¶23:**

Plaintiff mailed his detailed dispute letter to Equifax via USPS Certified Mail, tracking number 70220410000139627981.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

**COMPLAINT ¶24:**

Upon information and belief, Equifax sent ARS a copy of Plaintiff's dispute letter. ARS subsequently failed to conduct a reasonable investigation and simply verified the false information it was already reporting as true.

**ANSWER:**

Equifax denies violating the FCRA whatsoever. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24.

**COMPLAINT ¶25:**

ARS did not attempt to contact Plaintiff during its investigation into his dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

**COMPLAINT ¶26:**

Similarly, Equifax failed to conduct any independent investigation into Plaintiff's dispute and simply parroted back ARS's verification.

**ANSWER:**

Equifax denies violating the FCRA whatsoever. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26.

**COMPLAINT ¶27:**

Similarly, Equifax did not attempt to contact Plaintiff during its investigation.

**ANSWER:**

Equifax denies violating the FCRA whatsoever. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27.

**COMPLAINT ¶28:**

On October 22, 2022, Equifax responded (Confirmation Number 229558504) to Plaintiff's dispute, advising Plaintiff that the disputed ARS collection account would remain on his Equifax credit file.

**ANSWER:**

Equifax denies violating the FCRA whatsoever. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28.

**COMPLAINT ¶29:**

Plaintiff was very upset that Equifax and ARS verified the account despite Plaintiff never owing a debt to ARS.

**ANSWER:**

Equifax denies violating the FCRA whatsoever. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29.

**COMPLAINT ¶30:**

As of the filing of this Complaint, Equifax and ARS continue to report the negative information on Plaintiff's credit reports. As a result, Plaintiff's damages are on-going.

**ANSWER:**

Equifax denies violating the FCRA whatsoever. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30.

**COMPLAINT ¶31:**

Plaintiff's Equifax credit report includes 80 pages with the ONLY derogatory information being the disputed ARS account.

**ANSWER:**

Equifax denies violating the FCRA whatsoever. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31.

**COMPLAINT ¶32:**

Plaintiff is in the process of applying for several government jobs (including law enforcement jobs) and has to pass a credit check. Plaintiff is concerned that the false information furnished by ARS, and subsequently reported by Equifax, will shatter his dream of obtaining this job.

**ANSWER:**

Equifax denies violating the FCRA whatsoever. Equifax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32.

**COMPLAINT ¶33:**

As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.   Monies lost by attempting to fix his credit;

ii.  Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

iv.  Reduction in credit score;

v.   Apprehensiveness to apply for credit due to the fear of rejection;

**ANSWER:**

Equifax denies that Plaintiff is entitled to any damages against Equifax.

## COUNT I

### Violations of the Fair Credit Reporting Act as to Equifax Information Services LLC

**COMPLAINT ¶34:**

Plaintiff re-alleges and reincorporates paragraphs 1 through 33 above as if set forth fully herein.

**ANSWER:**

Equifax restates its answers to paragraphs 1 through 33 as its answer to

Paragraph 34.

**COMPLAINT ¶35:**

Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

**ANSWER:**

Equifax denies the allegations in Paragraph 35.

**COMPLAINT ¶36:**

As a result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage by reduced credit score, and mental and emotional pain stemming from the anguish, humiliation, and apprehensiveness in applying for employment that requires a credit background check, and the damages otherwise outlined in this Complaint.

**ANSWER:**

Equifax denies the allegations in Paragraph 36.

**COMPLAINT ¶37:**

Equifax's conduct, action and/or inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

12

**ANSWER:**

Equifax denies the allegations in Paragraph 37.

**COMPLAINT ¶38:**

In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

**ANSWER:**

Equifax denies the allegations in Paragraph 38.

**COMPLAINT ¶39:**

Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

**ANSWER:**

Equifax denies the allegations in Paragraph 39.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against EQUIFAX INFORMATION SERVICES LLC, to Plaintiff; award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any damages against Equifax.

## COUNT II

### Violations of the Fair Credit Reporting Act as to Equifax Information Services LLC

**COMPLAINT ¶40:**

Plaintiff re-alleges and reincorporates paragraphs 1 - 33 above as if set forth fully herein.

**ANSWER:**

Equifax restates it answers to paragraphs 1-33 as its answer to Paragraph 40.

**COMPLAINT ¶41:**

Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiffs credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs credit file, and by relying upon verification from a source it has to know is unreliable.

**ANSWER:**

Equifax denies the allegations in Paragraph 41.

**COMPLAINT ¶42:**

Plaintiff gave Equifax everything it needed to understand that he was not responsible for this debt when he mailed Equifax his dispute letter. However, Equifax ignored this and continued to report the false information furnished by ARS.

**ANSWER:**

Equifax denies the allegations in Paragraph 42.

**COMPLAINT ¶43:**

Equifax's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

**ANSWER:**

Equifax denies the allegations in Paragraph 43.

**COMPLAINT ¶44:**

Equifax took no independent action to investigate the disputes Plaintiff sent. Equifax received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to ARS.

**ANSWER:**

Equifax denies the allegations in Paragraph 44.

**COMPLAINT ¶45:**

Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**

Equifax denies the allegations in Paragraph 45.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, EQUIFAX IFORMATION SERVICES LLC, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any damages or other relief against

Equifax.

## COUNT III

### Violation of the FCRA as to HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES

**COMPLAINT ¶46:**

Plaintiff re-alleges and reincorporates paragraphs 1 through 33 above as if set forth fully herein.

**ANSWER:**

Equifax restates its answers to paragraphs 1 through 33 as its answer to

Paragraph 46.

**COMPLAINT ¶47:**

ARS furnished inaccurate information to Experian, Equifax, and Trans Union and through those credit reporting agencies to all of Plaintiffs potential lenders and/or employers on multiple occasions.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

**COMPLAINT ¶48:**

ARS violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiffs dispute of the ARS's account; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the ARS representations to the consumer reporting agencies. Plaintiff provided all the information necessary for ARS to have identified that the account did not belong to him.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

**COMPLAINT ¶49:**

ARS violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian and Trans Union. ARS has been aware of Plaintiff's disputes but continued to erroneously report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

**COMPLAINT ¶50:**

ARS violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax that Chase knew was inaccurate.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 50.

**COMPLAINT ¶51:**

ARS did not have any reasonable basis to believe that the Plaintiff was responsible for the past due medical bill. ARS knowingly chose to follow procedures which did not review, confirm, or verify whether the collection account truly belonged to Plaintiff's.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 51.

**COMPLAINT ¶52:**

As a result of this conduct, action, and inaction, by ARS, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information and the mental and emotional pain, anguish, humiliation and apprehensiveness in applying for employment that require a credit background check.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 52.

**COMPLAINT ¶53:**

ARS' conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive, damages in an amount to be determined by the

Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 53.

WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages against Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, jointly and severally; for his attorney's fees and costs; for pre judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**ANSWER:**

This paragraph doesn't contain any allegations against Equifax but to the

extent that it does, Equifax denies the allegations in this Paragraph.

## **COUNT IV**

### **Violation of the FDCPA as to HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES**

**COMPLAINT ¶54:**

Plaintiff re-allege and reincorporate paragraphs 1 — 33 above as if set forth fully herein.

**ANSWER:**

Equifax restates its answers to paragraphs 1-33 as its answer to Paragraph 54.

**COMPLAINT ¶55:**

ARS violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not authorized by agreement or otherwise permitted by law by mailing Plaintiff collection letters.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

**COMPLAINT ¶56:**

ARS had all of the information it needed to determine that the debt did not belong to Plaintiff yet mailed Plaintiff collection letters anyway.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

**COMPLAINT ¶57:**

As a results of the conduct, action and inaction of ARS, Plaintiff suffered from embarrassment, worry, fear, frustration, anger, and the damages otherwise outlined in this Complaint.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

**COMPLAINT ¶58:**

Plaintiff is entitled to recover statutory, compensatory, actual, and punitive damages from ARS pursuant to the FDCPA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

**COMPLAINT ¶59:**

Plaintiff is entitled to recover reasonable attorney's fees and costs from ARS in the amount to be determined by the Court pursuant to the FDCPA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages against Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, jointly and severally; for his attorney's fees and costs; for pre judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**ANSWER:**

This paragraph doesn't contain any allegations against Equifax but to the extent that it does, Equifax denies the allegations in this Paragraph.

## COUNT V

### Violation of the FCCPA as to HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES

**COMPLAINT ¶60:**

Plaintiff re-alleges and reincorporates paragraphs 1 — 33 above as set forth fully herein.

**ANSWER:**

Equifax restates its answers to paragraphs 1-33 as its answer to Paragraph 60.

**COMPLAINT ¶61:**

ARS violated Florida Statutes § 559.72 (9) by attempting to collect a debt it knew was not legitimate.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 61.

**COMPLAINT ¶62:**

ARS had all of the information it needed to determine that the debt did not belong to Plaintiff yet mailed Plaintiff collection letters anyway.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 62.

**COMPLAINT ¶63:**

As a results of the conduct, action and inaction of ARS, Plaintiff suffered from embarrassment, worry, fear, frustration, anger, and the damages otherwise outlined in this Complaint.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 63.

**COMPLAINT ¶64:**

Plaintiff is entitled to recover statutory, compensatory, actual, and punitive damages from ARS pursuant to the FCCPA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 64.

**COMPLAINT ¶65:**

Plaintiff is entitled to recover reasonable attorney's fees and costs from ARS in the amount to be determined by the Court pursuant to the FCCPA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages against Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, jointly and severally; for his attorney's fees and costs; for pre judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**ANSWER:**

This paragraph doesn't contain any allegations against Equifax but to the extent that it does, Equifax denies the allegations in this Paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it. Equifax is neither incorporated nor headquartered in Florida, and the conduct giving rise to Plaintiff's claim occurred outside of Florida and was not targeted at Florida.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

DATED:  January 4, 2023              Respectfully submitted,

                                     SQUIRE PATTON BOGGS (US) LLP


                                     By: */s/ Jason Daniel Joffe*
                                          Jason Daniel Joffe
                                          Florida Bar No. 0013564
                                          200 S. Biscayne Blvd., Suite 3400
                                          Miami, FL 33131
                                          Telephone:  (305) 577-7000
                                          Facsimile:  (305) 577-7001
                                          Email: Jason.joffe@squirepb.com

                                          *Counsel for Defendant*
                                          *Equifax Information Services LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 4, 2023, I electronically filed the foregoing  document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.


*/s/ Jason Daniel Joffe*
Jason Daniel Joffe