UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:22-cv-02168

JOSHWA PEREZ,

    Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES LLC; HEALTHCARE
REVENUE RECOVERY GROUP, LLC
D/B/A ARS ACCOUNT RESOLUTION
SERVICES,

    Defendants.
_____/

**Joint Case Management Report**

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 1/9/2023. **Frank H. Kerney, III, Esquire for Plaintiff; Ernest H. Kohlmyer, III, Esquire for Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS**

**Account Resolution Services; and Jason Daniel Joffe for Defendant Equifax Information Services LLC** attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| **Action or Event** | **Date** |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 1/23/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 2/1/2023 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 3/21/2023 |
| Defendant's deadline for disclosing any expert report. | 4/21/2023 |
| Deadline for disclosing any rebuttal expert report. | 5/15/2023 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 6/1/2023 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | NA |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 7/17/2023 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>**Mediator: James Betts**<br>**Address: Musetta & Associates**<br>**201 N. Franklin St. Suite 3400**<br>**Tampa, FL, 33602**<br>**Telephone:(813) 254-3302** | 7/3/2023 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 8/28/2023 |

2

| | |
|---|---|
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 9/5/2023 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | If needed, to be set by Court |
| Month and year of the trial term. | 10/23/2023 |

The trial will last approximately 2-3 days and will be

☒ jury.

☐ non-jury.

3. **Description of the Action**

    Plaintiff asserts that ARS violated the FCRA, FDCPA, and the FCCPA during the course of debt collection for services from FL Emergency Physicians Kang Assoc. Additionally, Plaintiff asserts that Equifax violated the FCRA in connection with the handling of a dispute letter dated October 6, 2022 for the ARS debt. Specifically, Plaintiff claims that ARS violated 15 U.S.C. §1681s2-b by failing to fully and properly investigate Plaintiff's dispute, failing to review all relevant information regarding same, by failing to correctly report results of an accurate investigation to the credit reporting agencies, and by failing to permanently and lawfully correct its own internal records to prevent re-reporting of the ARS account. Plaintiff avers that ARS continued to report the debt to his credit report after being notified that Plaintiff disputed the account. Further, Plaintiff alleges that ARS violated 15 U.S.C. §1681s2-b in that it failed to conduct a reasonable investigation upon receipt of notice of dispute from Equifax and that ARS continues to report the debt to his credit report with the knowledge that the information is inaccurate.

    Additionally, Plaintiff alleges that ARS violated 15 U.S.C. § 1692f by mailing Plaintiff collection letters despite having information to determine that the debt did not belong to him. Further, Plaintiff claims that ARS violated § 559.72 (9) by attempting to collect a debt

3

that it knew was not legitimate. Plaintiff claims that due to the information reported by ARS, he has suffered damages for loss of time and money for attempting to fix his credit, mental and emotional pain, sleepless nights, mental anguish, stress, aggravation, a reduction to his credit score, and apprehensiveness to apply for credit for fear of rejection. ARS denies that it violated the FCRA, FDCPA, or FCCPA and has asserted affirmative Defenses DE [17]. Plaintiff alleges that Equifax willfully violated the FCRA by failing to establish or to follow reasonable procedures, delete inaccurate information, and conduct a lawful investigation of Plaintiff's dispute.

Equifax denies Plaintiff's allegations against Equifax. Equifax denies that it failed to comply with the requirements set forth under the FCRA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered damage as a result of any alleged wrongful actions or inactions of Equifax. Equifax maintained reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff for the preparation of consumer reports. Equifax's conduct has not been negligent or willful, nor has Equifax acted with malice or a reckless or conscious disregard for the rights of Plaintiff. Plaintiff's claimed damages were not caused by Equifax but by Plaintiff or by third parties. Discovery has not yet begun, and Equifax bases this statement on the facts and information currently available to it and reserves the right to supplement this summary if necessary as this case and the facts develop. Equifax readopts and realleges its affirmative defenses from the Answer and Affirmative Defenses filed in response to Plaintiff's Complaint as if fully set forth herein. At this time, Equifax is not asserting any claims against Plaintiff in this action, but reserves the right to do so as the facts develop.

ARS also denies Plaintiff's allegations asserted against it. ARS similarly denies that it failed to comply with the requirements set forth under the FCRA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered damage as a result of any alleged wrongful actions or inactions. ARS conducted a reasonable investigation of the credit dispute and relied upon the original creditor's representations as to the accuracy of the reporting. ARS maintains reasonable procedures to assure the prevention of violations of the FDCPA and/or FCCPA and any error is unintentional and despite the maintenance of these procedures and policies. ARS' actual conduct has not been negligent or willful, nor has ARS acted with malice or a reckless or

conscious disregard for the rights of Plaintiff. Plaintiff's claimed damages were not caused by ARS but by Plaintiff or by third parties. Discovery has not yet begun, and ARS bases this statement on the facts and information currently available to it and reserves the right to supplement this summary if necessary as this case and the facts develop. ARS readopts and realleges its affirmative defenses from the Answer and Affirmative Defenses filed in response to Plaintiff's Complaint as if fully set forth herein. At this time, Equifax is not asserting any claims against Plaintiff in this action, but reserves the right to do so as the facts develop.

4. **Disclosure Statement**

   ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

   > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
   >
   > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☒ Yes.
   ☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects: Whether Equifax willfully or negligently violated the FCRA; Whether ARS willfully or negligently violated the FCRA; Whether ARS received a notice of dispute for the subject debt; Whether ARS reported the subject debt to Plaintiff's credit

report; Whether ARS had any knowledge that the debt is inaccurate; Whether the subject debt is inaccurate; Whether ARS intentionally, willfully, or knowingly violated the FDCPA or FCCPA; If ARS violated the FDCPA or FCCPA, the frequency and persistence of the violations; If ARS violated the FDCPA or FCCPA, whether it did so notwithstanding the maintenance of procedures reasonably adapted to avoid such error; Plaintiff's Article III standing under the FDCPA and FCRA, whether Plaintiff's allegations under the FDCPA are immaterial; and Plaintiff's alleged damages and injuries.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No. Additionally, the Parties agree to the exchange of all discovery, documents and pleadings via electronic means.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

Respectfully submitted,

*/s/ Frank H. Kerney, III*
Frank H. Kerney, III, Esq.
Florida Bar No. 88672
frank@theconsumerlawyers.com
jason@theconsumerlawyers.com
The Consumer Lawyers, PLLC
412 E. Madison St., Suite 916
Tampa, FL 33602
Telephone: 813-951-8278
Facsimile: 844-951-3933
*Attorneys for Plaintiff*

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 110108
Skohlmyer@shepardfirm.com
service@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant,* Healthcare *Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services*

*/s/ Jason Daniel Joffe*
Jason Daniel Joffe, Esq.
Florida Bar No. 0013564
jason.joffe@squirepb.com
Squire Patton Boggs (US) LLP
200 S. Biscayne Blvd., Suite 3400
Miami, FL 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
*Attorneys for Defendant*
*Equifax Information Services LLC*

Case 6:22-cv-02168-CEM-DCI   Document 22   Filed 01/10/23   Page 9 of 9 PageID 113